Filed 4/20/16  P. v. Williams CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>ANTHONY TYRONE WILLIAMS,<br><br>     Defendant and Appellant. | B265287<br><br>(Los Angeles County<br>Super. Ct. No. VA138682) |

        APPEAL from an order of the Superior Court of Los Angeles County. Marcelita V. Haynes, Judge.  Affirmed.

        Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

_____

The trial court denied Anthony Williams' petition for resentencing (see Pen. Code, § 1170.18) under Proposition 47, the Safe Neighborhoods and Schools Act. We affirm the order in accord with the judicial review procedures established in *People v. Wende* (1979) 25 Cal.3d 436.

## DISCUSSION

On April 9, 2015, Williams, represented by the Public Defender, pled no contest to two counts of second degree commercial burglary in violation of Penal Code section 459, in exchange for a 16 month sentence "in the county jail as a state prison option." As part of the plea arrangements, Williams agreed that the burglary convictions were "not reducible to misdemeanors under Proposition 47." Further, a stipulation was placed on the record that "it was not a shoplifting."

On April 16, 2015, Williams, self-represented, signed a petition for resentencing under Proposition 47. (See Pen. Code, § 1170.18.) The petition alleged that Williams had been convicted of "2nd Degree Burglary (Shoplifting)" in violation of Penal Code section 459. The petition requested that his felony convictions be reduced to misdemeanors. The petition was filed on April 23, 2015.

On April 23, 2015, the trial court denied Williams' Proposition 47 petition. The stated reason for the denial reads as follows: "At the time of sentencing the defendant stipulated to the charge not being reducible based on the facts of the case."

Williams filed a timely appeal, and we appointed counsel to represent him on appeal. On January 7, 2016, appointed counsel filed an opening brief pursuant to *Wende, supra,* 25 Cal.3d 436, requesting we independently review the record on appeal for any arguable issues. The same day, we notified Williams by letter addressed to the county jail that he could submit any claim, argument or issues that he wished our court to review. On February 2, 2016, the letter was returned to our court with a mark that Williams had been released. Our court clerk re-sent letter. On February 17, 2016, the letter was returned again. Appointed counsel was then contacted for an alternate address. On March 4, 2016, the letter was sent to Williams' alternate address in South Carolina.

2

On March 23, 2016, this letter was returned as undeliverable, with a mark that the post office was unable to forward it.

We have reviewed the record on appeal, and find that Williams' appointed counsel has fulfilled his duty, and that no arguable issue exists.  (*Wende, supra,* 25 Cal.3d 436, *People v. Kelly* (2006) 40 Cal.4th 106.)

## DISPOSITION

The order denying Williams' Proposition 47 petition is affirmed.


BIGELOW, P. J.

We concur:



RUBIN, J.



GRIMES, J.

3